James A. Saville, Jr.
Casey M. O'Brien
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, New York 10006-3793

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CERTAIN UNDERWRITERS AT LLOYD'S             :
SUBSCRIBING TO POLICY NO. 18M255222281,    :   Docket No.   20-cv-11023
                                            :
           Plaintiff,                      :
                                            :
     - *Against* -                           :
                                            :   **COMPLAINT**
APL CO. PTE LTD.,                           :
                                            :
           Defendant.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff, Certain Underwriters at Lloyd's Subscribing to Policy No. 18M255222281, by and through their attorneys Hill Rivkins LLP, as and for its complaint against the above named defendant alleges upon information and belief as follows:

## PARTIES

1. At and during all times hereinafter mentioned, Plaintiff Certain Underwriters at Lloyd's Subscribing to Policy No. 18M255222281 were and are insurers organized and existing under foreign law with offices and principal places of business in London, England and were the insurers of the shipment that is the subject of this Complaint. Pursuant to Policy 18M255222281, Plaintiffs paid their insured, Harbor Seafood, Inc. for loss of or damage to the subject shipment and are subrogated to the rights is their insured, whatever those rights may be.

2. At and during all times hereinafter mentioned, Defendant APL Co. Pte Ltd.

("APL") was and now is a corporation organized and existing under foreign law with an office and principal place of business #14-01 The Metropolis, Tower 1, 9 North Buona Vista Drive, Singapore 138588 and was and now is engaged in business as common carriers of goods for hire.

## JURISDICTION and VENUE

3. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 and this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court had original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 as its claims sound in admiralty for loss of or damage to cargo pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. §30701.

4. The APL bill of lading pursuant to which the subject shipment was carried contains a forum selection clause directing that all disputes in connection with shipments to or from the United States are subject to the jurisdiction of the United States District Court for the Southern District of New York.

## THE CLAIM

5. In or about February 2019, there was delivered to Defendant 6,711 cartons of pasteurized canned chilled crab meat (the "Cargo") in good order and condition and suitable in every respect for the intended transportation which Defendant received, accepted and agreed to transport for certain consideration aboard the M/V GANTA BHUM from Tuticorin, India to New York, United States pursuant to APL bill of lading AQV0104345.

6. Defendant agreed to maintain the Cargo in "Refrigerated Container at 0 (zero) degree C".

7. Defendant failed to re-deliver the Cargo in the same good order and condition as

when they were received in that, *inter alia*, the Cargo was damaged as a result of exposure to temperatures outside of the requisite range during transit.

8. By reasons of the premises, Defendant breached and violated its statutory, common law, and contractual duties and obligations as a common carrier and bailee of the Cargo, was negligent and careless in its handling of the Cargo and was otherwise at fault.

9. Plaintiff was the shipper, owner, consignee and/or insurer of the subject shipments and brings this action on its own behalf and on behalf of all parties who are or may become interested in the subject shipments, as their respective interests may ultimately appears, and Plaintiff is entitled to maintain this action.

10. Plaintiff and its insured have performed all duties and obligations on their part to be performed.

11. The damage to the Cargo was solely due to the negligence, fault, and/or breach of obligation of Defendant and/or its agents.

12. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $97,086.98, plus interest, costs and attorneys' fees.

*W H E R E F O R E,* Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the Defendant.

2. That if the Defendant cannot be found within this District, that all of their property within this District be attached in the sum set forth in this Complaint, with interest and costs.

3. That a decree may be entered in favor of Plaintiff against Defendant the amount of

Plaintiff's damages, together with pre-judgment interest, costs and attorneys' fees.

4. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
December 29, 2020

>HILL RIVKINS LLP
>Attorneys for Plaintiff
>
>By:   */s/ Casey M. O'Brien*
>James A. Saville, Jr.
>Casey M. O'Brien
>45 Broadway, Suite 1500
>New York, New York 10006
>(212) 669-0600
>jsaville@hillrivkins.com
>cobrien@hillrivkins.com